IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM LITHUANIA ) | |
| IN THE MATTER OF ) | Misc. No. 06- |
| JEFF TINDALL ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Lithuania. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Lithuanian authorities who are investigating a case of alleged property damage by deceit.

EVIDENCE SOUGHT:

The Lithuanian authorities seek information from the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe

the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Lithuania and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority

to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                          Respectfully submitted,

                          COLM F. CONNOLLY
                          United States Attorney

BY: _/s/ Richard G. Andrews_
       Richard G. Andrews
       Assistant U.S. Attorney
       Delaware Bar I.D. No.2199
       1007 N. Orange Street
       Wilmington, DE  19801
       (302) 573-6277

Dated: 9/28/06



**LIETUVOS RESPUBLIKOS GENERALINĖ PROKURATŪRA**
PROSECUTOR GENERAL'S OFFICE OF THE REPUBLIC OF LITHUANIA

Ms. Mary Ellen Warlow  
Director  
Division of International Affairs  
U.S. Department of Justice

Our ref.: 14.2-3744 (14.5-400)  
Your ref.:

Date: 14.. September 2005

Re: LEGAL ASSISTANCE IN THE CRIMINAL CASE No. 10-2-357-04

Dear Madam,

Prosecutor General's Office of the Republic of Lithuania presents its compliments to You and has the honour to request legal assistance in the following matter. This request is made further to the Agreement between the Government of the Republic of Lithuania and the Government of the United States of America concerning Mutual Legal Assistance in the Criminal Matters.

By this letter, we send you the Request for the Legal Assistance in the investigation of the criminal case No. 10-2-357-04 issued by the Economic Crimes Investigation Division of the Criminal Police Crimes Investigation Service of the Vilnius City Chief Police Commissariat of the Republic of Lithuania and kindly request you to commission the competent law enforcement officials to execute the indicated acts.

Before interviewing witnesses, if that is not against the laws of your State, please explain each of them their responsibility to give the correct information about everything what is known in the case and that they will have to sign to confirm the correctness of the evidence.

We guarantee that the evidence collected in the United States of America will be used only for the purposes of the investigation and the hearing of the criminal case.

We hope that our request shall be executed and would like to take a chance to thank you in advance for the co-operation and legal assistance. We will satisfy an analogous or other request of yours.

Please send the answer and the collected material to Vilnius City District Prosecutor's Office at the address: Rinktinės Str. 7, LT-09201 Vilnius, Republic of Lithuania. We also request you to inform the Prosecutor General's Office of the Republic of Lithuania about the Execution of the request indicating our reference number as well as the date of sending.

Enclosures: 6 pages.

Respectfully,

Deputy Prosecutor General *(signature)* Vaida Urmonaitė

R. Požarskienė, phone No. +370 5 266 23 54

Translation from Lithuanian into English is done by Povilas Monkus the translator. Prosecutor General's Office. Translation corresponds to the original text.

---

A.Smetonos str. 4. LT-2709 Vilnius. Lithuania  Tel. +370 2 66 23 05  Fax. +370 2 66 23 17  
                                              Tel. +370 2 66 23 60  Fax. +370 2 66 23 86



### ECONOMIC CRIME INVESTIGATION SECTION OF
### CRIMINAL POLICE CRIME INVESTIGATION SERVICE OF
### VILNIUS CITY CHIEF POLICE COMMISSARIAT

LEGAL ASSISTANCE ASSIGNMENT IN CRIMINAL CASE
No. 10-2-357-04

Economic Crime Investigation Section of Crime Investigation Service of Criminal Police of Vilnius City Chief Police Commissariat currently conducts the pre-trial investigation in criminal case No. 10-2-357-04. The pre-trial investigation was instituted on the 27th of July 2004 on the basis of a crime defined under Article 186 paragraph 1 of the Criminal Code of the Republic of Lithuania concerning the fact that the private company of limited liability 'Ekolinas' (further – UAB 'Ekolinas'), pursuant to the 20 February 2004 order of company TINDALL LLC, transported the freight from Poland to Russia, however, the customer did not comply with the requirements and did not settle accounts for the transportation for the sum of 1730 euros (5 985 litas).

**Article 186 of the Criminal Code of the Republic of Lithuania. Causing Property Damage by Deceit**

1. Any person who by deceit avoids the settlement of accounts for completed work, goods received, services rendered or obligatory payments, and thereby causes major damage to the property of another person,
    shall be punished by community service, or a fine, or restriction of liberty, or imprisonment for a term of up to two years.
2. Any person who by deceit damages property of another and causes minor property damage commits a criminal act,
    shall be punished by community service, or a fine, or restriction of liberty, or arrest.
3. A juridical person is also responsible for the acts, determined in paragraph 1.
4. Any person is responsible for the acts, determined in paragraphs 1 and 2 of this article, in case there is a complaint of a victim or a statement of his legal representative or a demand of a prosecutor.

The pre-trial investigation in the criminal case No.10-2-357-04 is carried out by Beata Rul, the investigator at Economic Crime Investigation Section of Crime Investigation Service of Criminal Police of Vilnius City Chief Police Commissariat.

During the pre-trial investigation it was determined that 20 February 2004 UAB 'Ekolinas' by fax received an order No.0402191 from company Tindall LLC office, located at the address Maciulevičiaus str. 53, Vilnius, concerning transportation of freight from Poland to Russia. For the delivered freight company Tindall LLC committed itself to pay to company 'Ekolinas' the sum of 1 730 euros (5 985 litas) in 15 days after presenting the original of CMR and VAT invoice. However, company Tindall LLC has failed to fulfil its obligations up to the present moment.

The text was translated into the English language by J. Bareikaitė

During the pre-trial investigation Povilas Alčauskas, who was interviewed as a witness, reported that he was an authorised representative of Tindall LLC company in the territory of the Republic of Lithuania, the Republic of Latvia and the Republic of Estonia. Tindall LLC company was acting as a mediator while settling accounts between the private company of limited liability 'Kanreks' and the carriers. Tindall LLC made payments for the company 'Kanreka' when the company 'Kanreks' could not settle accounts with the carriers in time itself. In point of fact, the business of 'Kanreks' company was tightly related with the company Tindall LLC.

During the investigation of the criminal case no.10-2-357-04 it is necessary to interview as a witness Jeff Tindall, the director of the company Tindall LLC (15 East North Street, Dover, Delaware 19901, USA), concerning the business of the company Tindall LLC, consequently, pursuant to 16 January 1998 agreement between the Government of the Republic of Lithuania and the Government of USA concerning mutual legal assistance in criminal cases, we request to carry out the following procedural acts in the territory of the United States of America:

It is obligatory to interview as a witness Jeff Tindall, the director of the company Tindall LLC (15 East North Street, Dover, Delaware 19901, USA), asking him the following questions:

1. Did the company Tindall LLC have an office in the territory of the Republic of Lithuania? If yes, please specify with whom the contract of agency was entered. Was a contract of employment concluded with the representatives of the company Tindall LLC? Was the authorised representative officially employed in the company Tindall LLC? Was a salary paid to him? (Please enclose the protocol of interview and also the certified copies of the contract of agency and contract of employment)

2. Was the office of the company Tindall LLC registered in Lithuania? If yes, please enclose the protocol of interview and also the registration documents of the Tindall LLC company office in Lithuania. If no, please specify why this office in Lithuania was not registered.

3. Was any payment account opened on the name of Tindall LLC company office in Lithuania? If yes, please specify the names of the banks and numbers of the accounts.

4. What kind of business was run by the company Tindall LLC in Lithuania?

5. Who from the representatives of the company concluded the contracts with the shipment companies of the Republic of Lithuania? How were the accounts settled with the carriers for the transportation? Did Tindall LLC office in Lithuania settle accounts with the shipment companies completely? If no, please indicate the reason of failure to settle accounts, as well as the amount of the liabilities.

6. How was accounting maintained in Tindall LLC office in Lithuania? Who was responsible for that? Where were the accountancy documents of Tindall LLC office kept? Who was responsible for the safety of accountancy documents?

7. Did Tindall LLC office pay taxes according to the laws of the Republic of Lithuania?

8. Was Jeff Tndall controlling the activities of Tindall LLC office in Lithuania? If no, then who was controlling the business of Tindall LLC office in Lithuania?

9. Did the authorised person from Tindall LLC office in Lithuania provide you with the reports about the business of the Lithuanian office?

10. When, where, under what circumstances and for what period was a contract of payment for the third parties and account making No.65 concluded with the company 'Kanreks'? (If Jeff Tindall was authorised by Tindall LLC company to undersign the contracts on the name of the company, please include the confirmed copy of the power of attorney).

The text was translated into the English language by J. Bareikaitė
I was also warned under Article 235 of the Criminal Code of the Republic of Lithuania on the _____

11. For what purpose was the contract No.65 signed with the company 'Kanreks' and what was the benefit for Tindall LLC company having signed the aforementioned contract?

12. In what way were the payments made (by cash or payment transfers) for the liabilities of 'Karneks' company to the third parties? What documents had been written out that would confirm the payments made?

13. In what way were the payments of Tindall LLC company for the liabilities to the third parties reflected in the accounting of Tindall LLC company?

14. Did the company 'Kanreks' settle accounts with Tindall LLC completely for the service (payment for the freight shipment to the shipping company), rendered by Tindall LLC company? If no, please specify the amount of the liabilities.

15. Was a deed of conformity of the liabilities drawn between Tindall LLC company and 'Kanreks' company? If yes, please enclose the confirmed copies of the deeds of conformity of the liabilities.

16. Is he acquainted with Povilas Alčauskas and Boris Nagornyj, the citizen of Russian Federation? If yes, then it is obligatory to find out when and under what circumstances they got acquainted and what their relationship is. Did P.Alčauskas and B.Nagornyj work at Tindall LLC company? If yes, what positions were granted to P.Alčauskas and B.Nagornyj?

Chief                    /signature/            Andrejus Lapickis

Beata Rul, +37052718184

Code 191688326    T.Kosciuškos str. 8a    Tel.: (8~5) 271 8143 / 271 8140
                  01100 Vilnius           Fax.: (8~5) 271 8186

The text was translated into the English language by J. Bareikaitė





**LIETUVOS RESPUBLIKOS GENERALINĖ PROKURATŪRA**
**PROSECUTOR GENERAL'S OFFICE OF THE REPUBLIC OF LITHUANIA**

Ms. Mary Ellen Warlow  10 May 2006
Director  Our ref. No.: 14.2.- 1836 (14.5.- 400)
Office of International Affairs  Your date: 22 December 2005
U.S. Department of Justice  Your ref. No.: 182-22616

RE: LEGAL ASSISTANCE REQUEST IN THE CRIMINAL CASE NO. 10-2-357-04
(IN ADDITION TO OUR REQUEST NO. 14.2.-3774(14.5-400))

Dear Madam,

The Prosecutor General's Office of the Republic of Lithuania presents its compliments and is truly grateful for your assistance granted to Economic Crime Investigation Section of the Criminal Police of Crime Investigation Service at the Vilnius City Police Headquarters in the criminal case No. 10-2-357-04.

Please find enclosed reply by the Economic Crime Investigation Section of the Criminal Police of Crime Investigation Service at the Vilnius City Police Headquarters to your request for additional information.

We thank you once again for your cooperation.

ENCLOSED: 4 pages.

Chief Prosecutor  Ms. Laima Čekelienė
International Relations and Legal Assistance Division

By: Ms. I.Linevaitė, tel. +370 5 266 23 56

Translated from Lithuanian language by Greta Bruzgienė, translator of the Prosecutor General's Office of the Republic of Lithuania, who has been warned about criminal liability for making false or deliberately misleading translation.

**ECONOMIC CRIME INVESTIGATION SECTION OF
CRIMINAL POLICE CRIME INVESTIGATION SERVICE OF
VILNIUS CITY POLICE HEADQUARTERS**

AMMENDMENT TO LEGAL ASSISTANCE ASSIGNMENT IN CRIMINAL CASE
NO. 10-2-357-04

Economic Crime Investigation Section of Crime Investigation Service of Criminal Police of Vilnius City Police Headquarters currently conducts a pre-trial investigation in criminal case No.10-2-357-04.

14 September 2005 legal assistance assignment, pursuant to the criminal case No. 10-2-357-04, was addressed to the Office of International Affairs of the US Department of Justice.

22 December 2005 a request to provide additional information was received from US Department of Justice, namely to specify 1) what type of companies are "Tindall LLC", "Ekolinas" and "Kanreks"; 2) what "Tindall LLC" ordered from the company "Ekolinas"; and 3) what commercial relations are between "Tindall LLC" and "Kanreks".

In response to your request, hereby we notify that:

1. "Kanreks" is a private company of limited liability with foreign capital. Pursuant to the articles of incorporation, the specified economic business includes cargo shipment from the countries of the European Union to Russia, i.e. intermediation between the cargo carrier and consignee.

"Tindall LLC" is a foreign legal organisation, its official office is located in a foreign country, which was established or in any other proper manner organised following the foreign legal acts, and is conducting its business via its permanent establishment in the territory of the Republic of Lithuania. Following the general power of attorney, the right to represent the interests of the company "Tindall LLC" in Lithuania is granted to Povilas Alčiauskas, the citizen of the Republic of Lithuania. Upon 2 January 2004 Power of attorney No.04010203 Povilas Alčiauskas was granted the authorisations to represent commercial interests of the company "Tindall LLC" in the course of concluding contracts with the commercial banks of the Republic of Lithuania, opening settlement accounts, concerting on the terms of service rendering with the legal entity of the Republic of Lithuania, the members of the association "Linava", legal entities of the Republic of Lithuania, bearing the status of a warehouse for temporary storage of goods under customs procedure, legal entities of the Republic of Lithuania, which render services of intermediation in the course of drawing up the attendant transport documents. The company "Tindall LLC" rendered services of carriage, i.e. transported cargo.

"Ekolinas" is a private company of limited liability that is engaged in the transportation of cargo.

2. 20 February 2004 from the Lithuanian office of "Tindall LLC" the private company of limited liability "Ekolinas" received an order No.0402191 regarding the cargo (20 tons of polythene film) transportation route Poland-Lithuania-Latvia-Russia. For the transportation "Tindall LLC" undertook to pay the sum of 1730 euros, however, it failed to meet its obligations.

| | | |
|---|---|---|
| Code 191688326 | T.Kosciuškos Str. 8a<br>01100 Vilnius | Tel.: (8~5) 271 8143 / 271 8140<br>Fax. (8~5) 271 8186 |

3. The company "Tindall LLC", represented by Jeff Tindall, acting on the basis of company authorisation, and "Kanreks", represented by Genė Alčauskienė, the head of administration, have concluded and the representatives of the Parties have undersigned the Contract of Execution of Third Party Payment and Mutual Settlement No.65. By this contract the company "Tindall LLC" undertook to make money transfers to third parties within 5 working days of the bank after the receipt of the application from "Kanreks". Following the current contract, "Kanreks" undertook to return to the company "Tindall LLC" in cash all the sum of monetary means, transferred by the company to the third parties, including bank commission fees, within 5 working days upon the receipt of a written notification regarding the payment made from the company "Tindall LLC". The objective of this contract is to stabilise the financial status of the contracting parties. The business of "Kanreks" was greatly connected with the business of "Tindall LLC", because "Kanreks" was drawing up cargo transportation orders via "Tindall LLC". Furthermore, "Tindall LLC" was making payments to the carriers for the company "Kanreks".

Chief        /Stamp: Eugenijus Vavilovas, Deputy Chief/        /Signature/        Andrejus Lapickis

Beata Rul, +37052718184

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM LITHUANIA )
IN THE MATTER OF ) Misc No. 06-
JEFF TINDALL )

## ORDER

Upon application of the United States of America; and upon examination of a letter of request from Lithuania whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Lithuania and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Lithuanian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

       3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Lithuania, which procedures may be specified in the request or provided by the Lithuanian authorities;

       4. seek such further orders of this Court as may be necessary to execute this request; and

       5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Lithuanian authorities.

       IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

       Dated: This _____ day of _____, 2006.


_____
United States District Court Judge